## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

FILED

AUG 21 PM 3:34

IMPACT, INC., an Illinois )
non-profit corporation, )
)
Plaintiff, )
)
v. )   Cause No. 01-559 DRH
)
RICK AMMANN, )
WILFRED HOLZINGER, )
BUILDER'S DESIGN GROUP, INC., and, )
BUILDER'S DESIGN HOLLANDER )
ARCHITECT, P.C. )
)
Defendants. )

### COMPLAINT

NOW COMES Plaintiff IMPACT, Inc., by its attorneys, and for its Complaint against

Defendants Rick Ammann, Wilfred Holzinger, Builder's Design Group, Inc. and Builder's

Design Hollander Architect, P.C., for injunctive relief and damages arising out of the Fair

Housing Act states as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 3613 and 28 U.S.C. §

1331.

2.      All discriminatory acts complained of occurred in Madison County, Illinois, in the

Southern District of Illinois.  Venue is proper pursuant to 28 U.S.C. § 1391.

### THE PARTIES

3.      Plaintiff IMPACT, Inc. is an Illinois non-profit corporation with offices at 2735 E.

Broadway, Alton, Illinois 62002 (hereinafter "Plaintiff").  Plaintiff is an independent living

center which receives state funding to provide peer counseling, independent advocacy, skills

*1*

training, and information and referral services to persons with disabilities in Madison County and

five other counties in Illinois.   Plaintiff's mission is to eradicate discrimination on the basis of

disability and to educate, assist and instruct the disabled and non-disabled communities about the

benefits of independent living. Plaintiff is directed, managed and staffed by persons with

disabilities.

4.    Plaintiff's staff works with various local governmental and private entities to

ensure that the requirements of the Illinois Environmental Barriers Act, the Americans with

Disabilities Act and the Fair Housing Act are met.  Plaintiff's enforcement of these laws helps

assure that local communities are accessible to people with disabilities and promotes full

community participation of people with disabilities.

5.    Plaintiff is also active in attempting to increase the stock of available accessible

housing within the area which it serves.  Such housing is in extremely short supply.  Plaintiff

now employs a full-time housing specialist who assists persons with disabilities in obtaining

accessible dwellings.  It also operates a program to construct ramps into inaccessible residential

dwellings, is responsible for construction of at least thirty (30) ramps for persons with disabilities

within the past three years, and maintains a current waiting list of persons who have requested

assistance in constructing ramps to their residences.

6.    Defendant Rick Ammann (hereinafter "Ammann") is a resident of Madison

County, Illinois living at 3278 Daiber, Highland, Illinois 62249.  He is principally employed as a

developer and builder of residential properties.

7.    Defendant Wilfred Holzinger (hereinafter "Holzinger") is a resident of Madison

County, Illinois living at 1931 Papin, Highland, Illinois 62249.  Holzinger is also a developer and

2

builder of residential properties.

8.     Defendant Builder's Design Group, Inc. (hereinafter "Builder's Design") is an

Illinois corporation, in good standing, with its offices at 112 East Schwartz, Edwardsville,

Illinois 62025.  Its registered agent is Susan Schmidt, 112 East Schwartz Street, Edwardsville,

Illinois 62025.

9.     Defendant Builder's Design Hollander Architects, P.C. (hereinafter "Hollander")

is an Illinois professional corporation, in good standing, with its offices at 112 East Schwartz

Street, Edwardsville, Illinois 62025.  Its registered agent is Leonard R. Land, 112 East Schwartz

Street, Edwardsville, Illinois 62025.

## STATUTORY FRAMEWORK

10.     The Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq. (hereinafter

"the Act"), provides that "it is unlawful to discriminate in the sale or rental or otherwise make

unavailable or deny a dwelling to any buyer or renter because of . . . handicap." 42 U.S.C. §

3604(f)(1).

11.     Section 3604 of the Act further provides that discrimination which is unlawful

includes the design and construction of a "covered multifamily dwelling" which does not

provide:

            (a)     an accessible route into and through the dwelling;

            (b)     light switches, electrical outlets, thermostats, and other environmental

controls in accessible locations;

            (c)     reinforcements in bathroom walls to allow later installation of grab bars;

and,

(d)     usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

12.     A covered multifamily dwelling includes all ground floor units of any residential building with four or more units built for first occupancy after 1988.  42 U.S.C. § 3604(f)(7).

13.     The Act provides a private right of action for any discriminatory practice which has or is about to occur.  42 U.S.C. § 3613.

14.     Any individual who has suffered from a discriminatory housing practice may recover actual and punitive damages, permanent or temporary injunctive relief and any other affirmative action as may be appropriate.

## FACTUAL ALLEGATIONS

A.     *Building One*

15.     Plaintiff is informed and believes that in or about June, 1995, Ammann and Holzinger obtained two lots on Fourth Street in the City of Highland, Illinois, as tenants in common, for the development of a condominium project known as the 4th Street Condominiums.

16.     Plaintiff is informed and believes that in or about 1996, Ammann and Holzinger contracted with Builder's Design and Hollander to design the 4th Street Condominiums.

17.     The first building in the condominium project is located at 701 Fourth Street in Highland, Illinois (hereinafter "Building One").  It is a two story building and contains four units, labeled Units A through D.  Units A and C are downstairs units; units B and D are upstairs units.

18.     Plaintiff is informed and believes that Building One was designed by Builder's Design and Hollander.

19.     Building One was thereafter constructed by Ammann and Holzinger.

4

20.     As a building with four or more units built for first occupancy after September 13, 1988, the ground floor units of Building One are a "covered multifamily dwelling" and subject to the requirements of the Act.

21.     The ground floor units, Units A and C, of Building One do not have an accessible route into and through the dwelling in that there are two approximately one foot high concrete steps leading into both units.  Further, the entrance to Unit A is blocked by a stairwell making it impossible for anyone in a wheelchair to gain access to Unit A even if the two concrete steps did not exist.

22.     The ground floor units of Building One were wrongfully sold by Amman and Holzinger in that:

(a)     On September 5, 1997, Ammann and Holzinger, as tenants in common, conveyed by warranty deed, Unit A of Building One to Corinne R. Grah.  At the time of conveyance and up to the present time, Unit A of Building One continues to violate the requirements of the Act; and,

(b)     On April 9, 1998, Ammann and Holzinger, as tenants in common, conveyed by warranty deed, Unit C of Building One to Robert A. Schleper and Dorothy Schleper as Joint Tenants.  At the time of conveyance and up to the present time, Unit C of Building One continues to violate the requirements of the Act.

_B._     _Building Two_

23.     Plaintiff is informed and believes that on or about January, 2000, Ammann and Holzinger began to develop a second building of condominiums at 703 Fourth Street in Highland, Illinois (hereinafter "Building Two").  Building Two is also a two story building and

contains four units labeled Units A through D.  Building Two is virtually identical to Building

One.  Units A and C are downstairs units; units B and D are upstairs units.  Building Two was

added to the Condominium declaration on November 9, 2000.

24.     On or about April 1, 2000, Kevin Limestall, Building Administrator for the City

of Highland, asked Plaintiff's former employee, Steven Mueller, to review the building plans of

Building Two for accessibility compliance.

25.     After reviewing the building plans, Mueller informed Limestall that the plans

were not compliant with the Act.  In addition to reviewing the building plans, Mueller made

several trips to the construction site in Highland, Illinois, and had several conversations with

Limestall.

26.     In or about February, 2000, both Mueller and Limestall advised Ammann and

Holzinger of their belief that Defendants had to make at least one of the ground floor units of

Building Two accessible.

27.     Ammann and Holzinger refused several requests from Mueller and Limestall to

make Building Two accessible.

28.     Building Two was thereafter constructed by Ammann and Holzinger.

29.     Plaintiff is informed and believes that Building Two was designed by Builder's

Design and Hollander.

30.     In August, 2000, Cathy Contarino, Plaintiff's Assistant Director, took over

Mueller's duties which included Fair Housing consultation with local communities.  Thereafter,

Contarino contacted Limestall to determine whether she needed to review any plans for

accessibility compliance.

6

31.     In August, 2000, Contarino visited Buildings One and Two.

32.     Contarino immediately determined that neither ground floor units in Buildings One and Two were accessible because of the two one foot high concrete threshold steps. Contarino determined that Units C in both buildings could be made accessible easily by the installation of a ramp.  Units A could not be made accessible easily because the positioning of the second floor staircase blocked the possible placement of a ramp.

33.     Contarino had no difficulty approaching the entrances of either building from the parking area while seated in her wheelchair.

34.     As a building with four or more units built for first occupancy after September 13, 1988, the ground floor units of Building Two are a "covered multifamily dwelling" and subject to the requirements of the Act.

35.     The ground floor units, Units A and C, of Building Two do not have an accessible route into and through the dwelling in that there are two approximately one foot high concrete steps leading into both units.  Further, the entrance to Unit A is blocked by a stairwell making it impossible for anyone in a wheelchair to gain access to Unit A even if the two concrete steps did not exist.

36.     The ground floor units of Building Two were wrongfully sold by Ammann and Holzinger in that:

        (a)     On November 27, 2000, Ammann and Holzinger, as tenants in common, conveyed by warranty deed, Unit A of Building Two to William E. Leisure and Cheryl T. Leisure as tenants by the entirety.  At the time of conveyance and up to the present time, Unit A of Building Two continues to violate the requirements of the Act.

7

(b)     On November 27, 2000, Ammann and Holzinger, as tenants in common, conveyed by warranty deed, Unit C of Building Two to Ronald W. Ervin.  At the time of conveyance and up to the present time, Unit A of Building Two continues to violate the requirements of the Act.

C.     *Building Three*

37.     On January 16, 2001, Limestall contacted Contarino and asked her to review Ammann and Holzinger's building plans for a third condominium in the Fourth Street Condominium project (hereinafter "Building Three").  Building Three is also a two story building with four units.  Two units are downstairs; two units are upstairs.  Building Three is virtually identical to Buildings One and Two.

38.     The plans for Building Three include a ramp leading to the one of the ground floor units which would make that unit accessible, but the other ground floor unit remains inaccessible.

39.     Contarino informed Limestall that, as drafted, the plans for Building Three violated the Act because both ground floor units were not accessible.

40.     On February 15, 2001, Contarino and Jamie McFarland, Housing Specialist from the Equal Housing Opportunity Council, St. Louis, Missouri, a federally-funded agency which promotes Fair Housing in the St. Louis metropolitan area, met with Ammann at the Fourth Street Condominiums.  Contarino and McFarland were informed by Ammann that there were no plans to make any of the three buildings accessible.

41.     Ammann and Holzinger have obtained a building permit from the City of Highland for construction of Building Three.  Earth moving activities are now visible at the site, but the defendants have not commenced construction of Building Three.

8

42.     Plaintiff is informed and believes that Building Three was designed by Builder's Design and Hollander.

43.     As a building with four or more units built for first occupancy after September 13, 1988, the ground floor units of Building Three are a "covered multifamily dwelling" and subject to the requirements of the Act.

44.     Plaintiff is informed and believes that at least one of the ground floor units of Building Three does not have an accessible route into and through the dwelling in that one of the ground floor units is blocked by a stairwell making the construction of a ramp impossible.

## D.     *Current Status*

45.     On April 27, 2000, and June 12, 2000, Richard Goodwin, Plaintiff's executive director, made a demand on Defendants to retrofit and/or establish a fund to retrofit Buildings One and Two to comply with the Act.  Plaintiffs demanded a fund to retrofit not only the inaccessibility of the entrances to the ground floor units, but also to retrofit the interior of the ground floor units, if necessary, so that light switches, electrical outlets, thermostats, and other environmental controls would be in accessible locations; there would be reinforcements in bathroom walls to allow later installation of grab bars; and, there would be usable kitchens and bathrooms such that an individual in a wheelchair could maneuver about the space.

46.     Defendants made no reply to Plaintiff's demands to retrofit and/or establish a fund to retrofit both the exterior and interior of the Buildings.

47.     Defendants' conduct described above was intentional, willful, and taken in disregard for the rights of others.

9

CLAIM FOR RELIEF

48.     Plaintiff hereby incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 47 of its Complaint.

49.     The above-described deficiencies in Units A and C of Building One and Two are violations of the accessibility requirements of the Act.

50.     Defendants Ammann and Holzinger violated the Act by building Units A and C of Buildings One and Two without an accessible route into and through the dwelling.

51.     Defendant Ammann's and Holzinger's actions in selling Units A and C of Buildings One and Two when those units continued to not have an accessible route into and through the dwelling is violative of the Act.

52.     Defendants Builder's Design and Hollander's act of designing Units A and C of Buildings One and Two and the ground floor units of Building Three without an accessible route into and through the dwelling is violative of the Act.

53.     A discriminatory housing practice as contemplated by the Act is about to occur by the Defendant Amman and Holzingers' imminent construction of Building Three. Without issuance of a temporary restraining order or a preliminary and permanent injunctive order from this Court, Defendants will continue to discriminate against individuals with disabilities by constructing Building Three without an accessible route into and through the dwelling.

54.     Plaintiff is an "aggrieved person," as defined by 42 U.S.C. §3602, which has suffered, or may have suffered, damages as a result of the Defendants' conduct as described above in that, in its efforts to counteract Defendants' discriminatory practices, Plaintiff has diverted its resources away from other clients and priorities, Plaintiff has under-served other

members of Plaintiff's community, Plaintiff has been exposed to criticism from those clients whom Plaintiff cannot help, Plaintiff has invested its personnel time and money into attempting to obtain compliance with the Act and litigating this action, and there is a continuing probability that Plaintiff will have to divert additional resources to this lawsuit if Defendants do not comply with the Act now and in the future.

55.     If Defendants commence construction on Building Three according to their plans now on file, Plaintiff will suffer irreparable harm, in that additional inaccessible housing will be constructed in Madison County, which will be unusable by persons with disabilities.

WHEREFORE, Plaintiff IMPACT, Inc. prays as follows:

A.     That this Court take jurisdiction over this matter;

B.     That this Court declare that Defendants' actions as described above violate Section 3604 of the Fair Housing Act;

C.     That this Court enter a temporary restraining order and/or a preliminary and permanent injunction ordering Defendants Rick Ammann and Wilfred Holzinger to construct the ground floor units of the proposed Building Three to fully comply with the requirements of the Act, including an accessible route into and through each ground-floor dwelling;

D.     That this Court order Defendants Rick Ammann, Wilfred Holzinger, Builder's Design Group, Inc. and Builder's Design Hollander Architect, P.C., to immediately establish a fund in an amount adequate to retrofit and reconstruct Units A and C of Building One and Units A and C of Building Two to comply with all the requirements of the Act;

E.     That this Court order Defendants Builder's Design Group, Inc. and Builder's Design Hollander Architect, P.C. to design or re-design the proposed Building Three to comply

11

with the requirements of the Act;

      F.     That this Court award the Plaintiff such actual damages as would fully compensate it for its injuries caused by the Defendants' conduct described above;

      G.     That this Court award the Plaintiff punitive or exemplary damages because of the Defendants' wilful and intentional conduct described above;

      H.     That this Court award the Plaintiffs their reasonable costs, expenses and attorney's fees;

      I.     That this Court order such other and further relief as may be just and proper.

                            The Law Offices of Thomas E. Kennedy, III, L.C.

By: _____

                             One of Plaintiff's Attorneys

Thomas E. Kennedy, III
Deborah S. Greider
2745 E. Broadway, Ste. 101
Alton, IL 62002
(618) 474-5326
(618) 474-5331 fax

John J. Ammann
St. Louis University Legal Clinic
3700 Lindell Ave.
St. Louis, MO 63108
(314) 977-2796
(314) 977-3334 fax